```
UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,           )
                                 )
      v.                         )
                                 )     No.  CR-05-131-DLJ
                                 )
                                 )     ORDER
KENNETH ALLEN,                   )
                                 )
            Defendant.           )
_____)
```

On April 3, 2009, the Court heard oral argument on a motion by Defendant Kenneth Allen ("Allen") for resentencing pursuant to 18 U.S.C. § 3582(c)(2).  Richard Tamor appeared on Allen's behalf.  Chinhayi Coleman appeared for the government.  Having considered the papers submitted, the applicable law, and the arguments of counsel, the Court hereby GRANTS the motion.

**I. BACKGROUND**

**A.   Factual Background and Procedural History**

   **1.   The Parties' Plea Agreement**

On November 11, 2005, Allen pled guilty to one count of conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C).  The plea was entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), in which the parties agreed that a reasonable disposition of the case was sixty months in custody.  In the plea agreement, Allen agreed "not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255, at any time in the future after I am sentenced, except for a claim that my constitutional right to effective assistance of counsel was violated."

### 2. Guideline Calculations

The amount of crack cocaine involved in Allen's offense was 4.3 grams, which yielded a base offense level of 24. U.S.S.G. § 2D1.1(c)(8) (2005 ed.). This level was reduced by two for acceptance of responsibility, resulting in a total offense level of 22. Id. § 3E1.1. Allen's criminal history category was IV. The resulting sentencing range was 63-78 months.

However, Allen had prior convictions for arson and setting fire to an inhabited property which would be predicate prior convictions for a finding of career offender status under the sentencing guidelines. Id. § 4B1.1(a). Based on the twenty year statutory maximum applicable to Allen's offense of conviction, his base offense level would be increased to 32 under the career offender guidelines. 21 U.S.C. § 841(b)(1)(C); U.S.S.G. § 4B1.1(b)(C) (2005 ed.). After reducing this level by two for acceptance of responsibility, Allen's total offense level would be 30. U.S.S.G. § 3E1.1 (2005 ed.). The career offender provision also places Allen at a criminal history category of VI. Id. § 4B1.1(b). The resulting sentencing range would be 168-210 months.

### 3. The Court's Sentence

On March 3, 2006, the Court sentenced Allen to sixty months in custody. The Court determined that a finding of career offender status would overrepresent Allen's criminal history and the seriousness of the instant offense. See U.S.S.G. § 4A1.3(b)(1).

As a result, the Court departed from the career offender sentencing range to the guideline range for the substantive offense of conviction set by U.S.S.G. § 2D1.1(c)(8).  The Court then sentenced Allen based on that range of 63-78 months.  In imposing sentence, the Court granted Allen a three month downward variance from the low end of the non-career offender range based on 18 U.S.C. § 3553(a).  The resulting sixty month sentence was in accord with the parties' Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement.

### 4.    Amended Guidelines

In November 2007, the United States Sentencing Commission enacted Amendment 706 to the United States Sentencing Guidelines. This amendment relaxed the penalties applicable to crack cocaine offenses by reducing the base offense levels provided for in § 2D1.1 of the guidelines.  See U.S.S.G. App. C, Amend. 706. Amendment 706 applies retroactively.

Under the amended guidelines, the base offense level for Allen's offense has been reduced by two levels, to 22.  U.S.S.G. § 2D1.1(c)(9) (2008 ed.).  After reducing this level by two for acceptance of responsibility, Allen's total offense level is 20. His criminal history category remains at IV, and the resulting sentencing range is 51-63 months.

The statutory maximum for Allen's offense was not changed by Amendment 706.  As a result, if a career offender status was found

to be applicable for sentencing, the advisory guideline range applicable to Allen would remain at 168-210 months.  <u>Id.</u> § 4B1.1(b)(C); 21 U.S.C. § 841(b)(1)(C).

### 5.   The Instant Motion

On September 12, 2008, Allen filed a pro se motion for a reduced sentence.  On March 7, 2009, appointed counsel for Allen filed a supplemental memorandum.  Allen seeks a reduced sentence of forty-eight months.  This sentence represents a three month downward variance from the low end of the amended non-career offender guideline range applicable to Allen.  Allen argues that such a sentence would be commensurate with the sixty month sentence imposed by the Court in March 2006.  The government opposes the motion.

## B.   Legal Standard

Title 18 U.S.C. § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

United States Sentencing Guidelines § 1B1.10(a)(1) provides that a district court may reduce a defendant's sentence pursuant to § 3582(c)(2) where "the guideline range applicable to that

4

defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual" listed in § 1B1.10(c). Amendment 706 is listed in § 1B1.10(c). Id. § 1B1.10(c).

Where an amendment to the guidelines has no effect on the defendant's sentencing range, there is no basis to reduce the sentence. United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996). Whether to grant a sentence reduction is a matter of discretion for the district court. See United States v. Lowe, 136 F.3d 1231, 1233 (9th Cir. 1998).

If a defendant received a downward departure at his original sentencing, a commensurate departure under the revised guidelines "may be appropriate." U.S.S.G. § 1B1.10(b)(2)(B); id. Appl. Note 3. If a defendant received a downward variance pursuant to United States v. Booker, 543 U.S. 220 (2005), at his original sentencing, "a further reduction generally would not be appropriate." U.S.S.G. § 1B1.10(b)(2)(B).

## II. DISCUSSION

**A.   Waiver of Collateral Attack**

As an initial matter, the government contends that Allen waived his right to move for a reduced sentence because his plea agreement contains a waiver of any right to collaterally attack his sentence. In general, "[a] knowing and voluntary waiver of a statutory right is enforceable." United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993).

5

In this case, Allen could not have waived any right which did not exist at the time he pled guilty. See id. (holding that a defendant can only waive a right which is "clearly contemplated by, and subject to, his plea agreement waiver"). The Sentencing Commission did not enact Amendment 706 until approximately a year and a half after Allen had entered his guilty plea containing the waiver. At the time Allen pled guilty, neither he nor the government could have anticipated that this amendment would be enacted. As a result, nothing in Allen's collateral attack waiver precludes him from seeking the benefit of Amendment 706.

Nor did Allen's plea waiver contemplate that a motion under § 3582 would be treated as a "collateral attack." As the Tenth Circuit has observed, the "conventional understanding of 'collateral attack' comprises challenges brought under, for example, 28 U.S.C. § 2241, 28 U.S.C. § 2254, 28 U.S.C. § 2255, as well as writs of coram nobis. These are extraordinary remedies that complain about the substance of, or proceedings that determined, a defendant's original sentence or conviction." United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir. 2003). A motion under § 3582 does not attack the past circumstances of a defendant's sentence. By contrast, it seeks to modify the sentence pursuant to a subsequent amendment to the sentencing guidelines. See 18 U.S.C. § 3582(c)(2). In this case, absent any evidence that the parties explicitly contemplated § 3582 motions at the time the

6

plea agreement was executed, the Court finds that § 3582 motions are not subject to Allen's collateral attack waiver.

Finally, any alleged waiver of Allen's § 3582 rights could not have been knowing or voluntary. A waiver in a plea agreement is without effect if the defendant did not understand the terms of the waiver. See Fed. Rule Crim. P. 11(b)(1)(N); United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir. 1990). Here, although Allen's plea agreement contains a waiver of "any collateral attack," the Court never discussed with Allen whether he waived his right to bring a § 3582 motion. See Change of Plea Hr'g Tr., 5:1-6:9, Nov. 8, 2005. Because a motion under § 3582 is not, as described above, generally understood to be a collateral attack, any contention on the part of the government that Allen knowingly and voluntarily waived his rights under § 3582 is without merit.

**B.    Merits of the Motion**

   **1.    "Based on"**

The government argues that Allen is ineligible for a sentence reduction because, as a career offender, his sentence was "based on" the career offender guideline range rather than the drug tables contained in § 2D1.1. As a result, the government contends, Allen's sentence was not, as required by § 3582, "based on" a provision of the guidelines which was subsequently reduced by the Sentencing Commission.

The government is incorrect. At Allen's sentencing hearing,

7

the Court determined that a finding of career criminal status would overrepresent Allen's criminal history and the nature of the instant offense. See Sentencing Hr'g Tr., 6:23-7:3, Mar. 3, 2006; Stmt. of Reasons in Amend. J. dated May 11, 2006. As a result, the Court found that a downward departure was appropriate, and that Allen should not be treated as a career offender. Id. at 7:3-6. Having departed from career offender status, the Court sentenced Allen based on a calculation of the guidelines established by § 2D1.1(c)(8): base offense level 24, reduced to base offense level 22 for acceptance of responsibility, criminal history category IV, with a resulting sentencing range of 63-78 months. Id. at 7:6-9.

Because the Court did not treat Allen as a career offender, the Court's sentence was, at least in part, "based on" Allen's § 2D1.1 base offense level. As a result, Allen is eligible under § 3582 for the two level reduction provided for by Amendment 706. Accordingly, the Court will again sentence Allen based on upon the drug quantity tables of U.S.S.G. § 2D1.1(c) rather than the career offender guidelines of U.S.S.G. § 4B1.1. See U.S.S.G. § 1B1.10(b)(2)(B), Appl. Note 3. The resulting advisory sentencing range is 51-63 months.

**2.  Section 3553(a) Factors**

The government next contends that, under the factors set forth in 18 U.S.C. § 3553(a), the Court should decline to lower Allen's sentence because Allen has "significant" criminal history,

and because, in the government's view, the instant offense is a serious crime.

These arguments are unavailing. The Court has already expressed the view that the instant offense was minor, and that Allen's criminal history is remote in time. In addition, Allen appears to have made productive use of his time in custody. As a result, the Court sees no reason why Allen should not benefit from Amendment 706.

### 3. Additional Downward Variance

The only remaining question is whether the Court should grant an additional three month downward variance commensurate with the three month variance issued at Allen's original sentencing. The government argues that such a variance would be inappropriate in light of the guidelines's admonition that, where a defendant received a downward variance at his original sentencing, "a further reduction generally would not be appropriate." U.S.S.G. § 1B1.10(b)(2)(B).

The Court believes that this misconstrues this provision of the guidelines. An additional three month variance in this case would not be a "further reduction," as that term is used in § 1B1.10(b)(2)(B). Contrary to the government's view, § 1B1.10(b)(2)(B) only discourages downward variances <u>on top of</u> any variance issued at the original sentencing. Thus, the fact that the Court granted a downward variance at Allen's original

sentencing does not prohibit the Court from issuing a commensurate variance at this time. To the contrary, where, as here, the Court originally imposed a sentence three months below the low end of the advisory guideline range, declining to issue the same three month variance at this time would deprive Allen of the full sentencing considerations used by the Court at the time of the original sentence. Accordingly, the Court reduces Allen's sentence to forty-eight months.

### III. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS the motion for a reduced sentence. The clerk will issue an amended judgment consistent with this opinion.

IT IS SO ORDERED

Dated: April 8, 2009

_____
D. Lowell Jensen
United States District Judge